Date signed January 25, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JOHNNY D. ROSNER | : | Case No. 09-33954PM |
| | : | Chapter 13 |
| Debtor | : | |
| ------------------------------- | : | (Jointly Administered |
| IN RE: | : | under No. 09-33954PM) |
| | : | |
| TASNEEM ROSNER | : | Case No. 09-33955PM |
| | : | Chapter 13 |
| Debtor | : | |
| ------------------------------- | : | |

### MEMORANDUM OF DECISION

This case comes before the court on the Trustee's Objection to the Application for Allowance of Compensation filed by the firm of Laura Margulies & Associates, LLC, counsel to the Debtors, wherein it seeks compensation of $9,525.83 and costs of $8.00, for a total of $9,533.83, "for services rendered for the benefit of the Debtors and the bankruptcy estate . . . ." The Trustee, in her opposition to the Application, points out that the confirmed Plan provides that approximately $10,179.00 will be disbursed to general unsecured creditors, and, if the compensation claim is allowed in full, there would remain $645.00 for distribution. The Trustee also reports a total amount of unsecured claims in the amount of $302,687.00, so that the remaining payment distribution amounts to approximately 00.002%. There is no question that counsel performed the services described, and there is no criticism of its work. The efforts of counsel in this case were professional in all respects and involved several hearings and the filing of an adversary proceeding of a unique nature.

This case involves the interpretation of Section 330(a)(4) of the Bankruptcy Code[1] that provides:

**11 U.S.C. § 330.  Compensation of officers**

(a)(4)(A) Except as provided in subparagraph (b), the court shall not allow compensation for--
(i) unnecessary duplication of services; or
(ii) services that were not--
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.
(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

As noted by the Trustee, the efforts of counsel did not benefit the estate in any respect.  Indeed, counsel's efforts resulted in wiping out the distribution to creditors holding unsecured claims.

This case presents an excellent example of the conflict between two aspects of compensation for counsel in cases under Chapter 13.  As explained by Judge Feeney in the case of *In re Andre T. Ridley*, WL 3070139 (BC Mass. 2010),

> In *In re Argento*, 282 B.R. 108 (Bankr.D.Mass.2002), the court observed" "[u]nlike cases under chapter 7 or 11, the standard of reasonableness in a case under chapter 13 or under chapter 12 is based upon "the benefit and necessity of such service to the debtor" as well as 'other factors set forth" in section 330.'  "*Id.* at 116.  The court added: "Therefore a Chapter 13 'debtor's counsel is entitled to an administrative expense for compensation for work that is beneficial and necessary to the debtor without proof of benefit or necessity to the Chapter 13 estate or the creditors.'  "*Id.* (citing 3 Keith M. Lundin, Chapter 13 Bankruptcy § 294.1 (3d ed. 2000), and *In re Famisaran*, 224 B.R. 886, 897 (Bankr.N.D.Ill. 1998)).

---

[1] As noted in *Collier on Bankruptcy* § 330.03[1][b][v] ( 16th ed. 2011):

> Section 330(a)(4)(B) contains an exception to the general rule that professionals' services are compensable only to the extent that they benefit the estate.  In a chapter 12 or chapter 13 case in which the debtor is an individual, a debtor's attorney may also receive reasonable compensation for representing the interests of the debtor in connection with the bankruptcy case, based on the necessity of such services to the debtor and the other factors applied to all professional compensation.

On the other hand, numerous cases, such as *In re Montry*, 393 B.R. 695 (BC W.D. Mo. 2008); *In re Buck*, 432 B.R. 13 (BC Mass. 2010); and *In re Puffer*, 453 B.R. 14 (D. Mass. 2011), stand for the proposition that so-called fee-only Chapter 13 plans, as will be the result in this case, are not proposed in good faith and should not be confirmed. This may be contrasted with Chapter 11 of the Bankruptcy Code where, under § 330(a)(3)(C), the court must determine that at the time that the services were rendered they were necessary to the administration of the estate or beneficial to it. This does not necessarily require material benefit, but, as pointed out in the case of *In re Vu*, 366 B.R. 511 (D.Md. 2007), the applicant must demonstrate that the services were reasonably likely to benefit the estate at the time they were rendered.

      The distinguishing aspect of this case is that the Debtors' Third Amended Chapter 13 Plan, providing for payments of $500.00 a month for three months and $735.00 a month for the remainder of the 60-month term, was confirmed by Order of court entered September 7, 2010. While the Plan provided for a modest distribution to the unsecured creditors who filed timely proofs of claim, the court found, as required under § 1325(a)(3), that the Plan was proposed in good faith. Subsequent events caused the distribution to unsecured creditors to be reduced to a de minimis level. It is possible that payments may be augmented by tax refunds received while this case is pending, and, should the Debtor, Johnny D. Rosner, receive a salary increase from his position at the Department of Justice, or his spouse Tasneem Rosner get an increase in compensation from her work at an antique store in Kensington, Maryland, it is conceivable that either the Trustee or the holder of an allowed unsecured claim would move to increase the payments under the Plan pursuant to § 1329(a) of the Bankruptcy Code. However, that matter is not before the court..

      An appropriate order will be entered.

cc
Laura J. Margulies, Esq., 6205 Executive Boulevard, Rockville, MD 20852
Johnny/Tasneem Rosner, 14711 Bubbling Spring Road, Boyds, MD 20841
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**